IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLIFFORD WRIGHT III, | |
| Petitioner, | 8:20CV401 |
| vs. | |
| DON KLEIN, Douglas County District Attorney; | MEMORANDUM AND ORDER |
| Respondent. | |

    This matter is before me on initial review of Petitioner Clifford Wright III's ("Petitioner" or "Wright") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filing 1.) For the reasons discussed below, I will dismiss Wright's petition without prejudice.

    Wright is a state pretrial detainee confined at the Douglas County Department of Corrections in Omaha, Nebraska on felony charges of discharging a firearm at inhabited house, occupied building, or occupied motor vehicle and use of a deadly weapon (firearm) to commit a felony in Douglas County District Court Case No. CR20-3139. Wright also is currently under the supervision of the Douglas County District Court in Case No. CR18-2145 where he was found not responsible by reason of insanity of the charged offense on November 20, 2018, and is pending further review to determine Wright's status and treatment plan. I take judicial notice of the state court records related to this case in both *State v. Wright*, No. CR20-3139, and *State v. Wright*, No. CR18-2145, in the District Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

(8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Condensed and summarized, Wright alleges violations of his due process, Fourth Amendment, and Fifth Amendment rights based on his detention, arrest, and interrogation by the Omaha Police Department resulting in the present charges against him in Case No. CR20-3139. Wright further alleges tort claims based on law enforcement's use of Wright's medical information related to Case No. CR18-2145. Wright seeks "to be released on a R&R bond," dismissal of his pending criminal charges, and "to file lawsuit against US Government, The State of Nebraska, & The County of Douglas and Douglas County Corrections [and the Omaha Police Department] for 13 trillion dollars." (Filing 1 at CM/ECF p. 7.)

Initially, I note that Wright's purported tort claims and request to file a lawsuit against various government agencies for damages are not properly presented in this habeas corpus action. That is:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Regarding Wright's request for release and dismissal of his criminal charges, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed

holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43–44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Abstention here is appropriate because Wright is involved with ongoing state court criminal proceedings and his allegations do not show that he exhausted his state court remedies. Wright may challenge the propriety of any searches or seizures and the sufficiency of the evidence against him in state court prior to or at trial. The court further finds that Wright's assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the court. *See, e.g.*, *Braden*, *supra* (speedy trial rights); *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (double jeopardy). Because it "plainly appears from the petition . . . that [Wright] is not entitled to relief," *see* Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, the court will dismiss Wright's petition without prejudice.

Because "the detention complained of arises from process issued by a state court," Wright must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Wright is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The clerk of the court shall mail a form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner) and a form AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs to Petitioner.

3. The court will enter judgment by separate document.

Dated this 22nd day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge